IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BYRON WAYNE HOPKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-02465-L (BT) |
| | § | |
| ONITY MORTGAGE CORPORATION, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Original Petition under Rule 12(b)(6) (ECF No. 9), seeking dismissal with prejudice of all claims asserted by Plaintiff against Defendants. For the reasons below, however, the undersigned recommends that this action be dismissed without prejudice under Rule 41(b) for Plaintiff's failure to prosecute and failure to comply with the Court's order, and that Defendants' Motion to Dismiss be denied as moot.

This lawsuit arises out of an attempted foreclosure of Plaintiff's home in Red Oak, Texas. *See generally* Rem. Not. (ECF No. 1). Plaintiff, represented by counsel, initially filed this action in the 40th District Court of Ellis County, Texas, and

obtained a temporary restraining order to prevent the foreclosure sale.[1] *Id.*, Ex. D-2. Defendants subsequently removed the action to this Court on July 24, 2026, asserting that federal-question and diversity jurisdiction exist. Rem. Not. at 2–3.

Following removal, Defendants notified the Court that Plaintiff attempted to nonsuit the action in state court contemporaneously with removal. Defs.' Adv. (ECF No. 5) ("Defendants filed the Notice of Removal in the underlying court on July 24, 2026, at 4:34 p.m. Plaintiff filed his Notice of Nonsuit on July 24, 2026, at 4:37 p.m.").[2] *Id.* But once the notice of removal is filed, the state court "los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not … simply erroneous, but absolutely void." *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 64 (2020). Accordingly, the Court ordered Plaintiff to inform the Court by August 10, 2026, whether he intended to proceed with the lawsuit. Order (ECF No. 6). The Court also directed Defendants to serve that Order on Plaintiff. *Id.* Defendants served the Court's Order on Plaintiff's counsel on August 3, 2026, and filed a certificate of service establishing such service. *See* Not. (ECF No. 7).

Plaintiff did not comply with the Court's Order by the August 10, 2026, deadline. Plaintiff has not told the Court that he intends to proceed with this action,

---

[1] Plaintiff's counsel attempted to withdraw from representing Plaintiff in state court before removal. Rem. Not., Ex. C-9 (ECF No. 1-11). Plaintiff's counsel is not admitted to practice in this district. *See* Order (ECF No. 7)

[2] The state court judge signed an order purportedly dismissing the lawsuit without prejudice on July 27, 2026. *See* Defs.' Adv., Ex. C. (ECF No. 5-1).

nor has he filed a stipulation of dismissal. *See* Order (ECF No. 6) (ordering that "[i]f Plaintiff does not wish to proceed with this lawsuit, he shall file a notice or stipulation of dismissal . . . by August 10, 2026"). Defendants also represent that Plaintiff's counsel has failed to respond to Defendants' attempts to communicate concerning this action. Defs.' Br. at 1 (ECF No. 10).

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A district court also possesses authority to dismiss an action sua sponte for failure to prosecute or failure to comply with a court order. *Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). This authority derives from the Court's inherent power to control its docket and ensure the orderly and expeditious disposition of cases. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962)).

Here, Plaintiff was expressly ordered to notify the Court by August 10, 2026, whether he intended to proceed with this action. Order (ECF No. 6). Plaintiff's counsel was served with that Order, but Plaintiff did not comply with it. Plaintiff has likewise failed to take any affirmative action demonstrating an intent to prosecute the case. The record therefore establishes that Plaintiff has failed to comply with a direct order of this Court and has failed to take action necessary to

demonstrate his intent to prosecute this case. These circumstances provide an adequate basis for dismissal under Rule 41(b).

The Fifth Circuit has held that dismissal with prejudice for failure to prosecute is appropriate only when there is a clear record of delay or contumacious conduct and the Court expressly determines that lesser sanctions would not prompt diligent prosecution, or the record demonstrates that lesser sanctions have proved futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *see also Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). The Fifth Circuit has also identified aggravating circumstances that commonly support such a severe sanction, including delay attributable to the plaintiff personally, actual prejudice to the defendant, or delay caused by intentional conduct. *Berry*, 975 F.2d at 1191.

The present record establishes Plaintiff's failure to comply with a specific Court order and his failure to demonstrate an intent to prosecute this action. The record presently before the Court, however, does not require the more severe sanction of dismissal with prejudice.

Dismissal without prejudice will adequately address Plaintiff's failure to prosecute while preserving the availability of any claims that may otherwise be timely and legally cognizable. Dismissal without prejudice is consistent with Plaintiff's Notice of Nonsuit, which purported to dismiss without prejudice all of Plaintiff's claims against Defendants. *See* Defs.' Adv., Ex. A (ECF No. 5-1). Dismissal without prejudice is also consistent with the Court's interest in

managing its docket and avoiding the continued expenditure of judicial and party resources on an action that Plaintiff has failed to prosecute.

The District Judge should **DISMISS** this action **without prejudice** under Rule 41(b) for failure to prosecute and failure to comply with a court order and **DENY** as moot Defendants' Motion to Dismiss Plaintiff's Amended Original Petition (ECF No. 9).

**SO RECOMMENDED.**

September 28, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).